No. 32,189

THE FIRST NATIONAL BANK OF OSAWATOMIE, *Appellant*, v. C. O. AUGUR et al., MARIE RINEHART, *Appellee.*

(44 P. 2d 206)

Opinion filed May 4, 1935.

*Ben F. Winchel,* of Osawatomie, for the appellant.

*Oliver D. Rinehart* and *Karl V. Shawver,* both of Paola, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was on a promissory note. Judgment was for plaintiff. At the time suit was brought garnishment summons was issued against the Parker State Bank. The court held that an intervening plaintiff was entitled to certain money that was on deposit in that bank. Plaintiff appeals.

The facts are admitted. C. O. Augur was indebted to plaintiff on an unsecured note for $1,100. On February 6, 1934, plaintiff sued Augur on the note. At the same time it caused garnishment summons to issue against one John Franse and the Parker State Bank. Franse was cashier of that bank. On February 17 Franse answered for himself and the bank that the Parker State Bank had on deposit the sum of $654.10 to the credit of "Sale account of C. O. Augur." On April 2, 1934, Marie Rinehart filed an intervening petition. She alleged that Augur was indebted to her in the sum of $1,000 and that the indebtedness was secured by two chattel mortgages of record covering the property sold by Augur at a farm sale on February 6, 1934, and that the funds on deposit in the Parker State Bank were derived from that sale.

Marie Rinehart is the daughter of C. O. Augur. She claimed ownership of the funds in question on account of her mortgages.

The trial court gave plaintiff judgment for the amount of the note. On the further question of the priority of claim to the funds in the Parker State Bank, the parties submitted an agreed statement of facts. That statement was about as the facts have been given here. It was also stipulated that Franse, the cashier, was employed by Augur to clerk the sale; that the property was sold at the sale as the property of Augur; that prior to the sale Mrs. Rinehart agreed with her father that he might sell the property at public sale and that he would afterward apply the proceeds of the sale on his indebtedness to Mrs. Rinehart.

Neither the plaintiff nor any purchaser at the sale had notice at the time of the sale that Mrs. Rinehart claimed an interest in the property. John Franse prepared the chattel mortgages in question. Other than such notice as this would import he had no notice that Mrs. Rinehart claimed an interest in the money. He was not given any instruction about what to do with the money. On the date of the sale he deposited it in the Parker State Bank as funds belonging to C. O. Augur. There was no question raised in the trial court as to the mortgages being given in good faith or of fraud between Augur and Mrs. Rinehart. On this stipulation the trial court gave judgment awarding the funds to Mrs. Rinehart. From that judgment this appeal is taken.

The position of plaintiff is that the lien Mrs. Rinehart acquired by her two chattel mortgages did not follow and attach to the proceeds of the sale of the property. Plaintiff claims that by intervener's consent to the sale of the property and her agreement that Augur, after the sale of the property, would apply the proceeds thereof on his indebtedness that had been secured by these mortgages, she waived her lien on the property and also waived her lien on the proceeds of the sale of the property; that she made a new contract with Augur and accepted his promise that he would pay over to her the proceeds of the sale of the mortgaged property. The position of the intervener is that since these mortgage liens were of record and no fraud was claimed, she had a lien on the proceeds of the sale and the proceeds were impressed with a trust in favor of the lienholder, and that the garnishment process only reached such funds in the bank as were actually the property of C. O. Augur.

In the case of *Turner v. Williams*, 114 Kan. 769, 221 Pac. 267, the question at issue was right of creditors of a farmer to preference in the proceeds from the sale of certain wheat. The farmer

who raised the wheat had sold it and deposited the money in a bank. A creditor sued the farmer and instituted garnishment proceedings against the bank. The landlord intervened and claimed part of the money in the bank on account of a landlord's lien. The creditor claimed that he should have been given the entire bank deposit under the garnishment proceedings. This court held the garnishment process only reached the property that actually belonged to the debtor. This position was amply sustained by authorities. In that case the landlord based his claim on a landlord's lien. In this case the claim of the intervener is based on a chattel mortgage. The court held the money for which the wheat was sold was none the less the property of the lienholder because it was deposited in the farmer's account and mingled with other money of his. The court held that even though there had been a complete substitution of other moneys of the farmer for the money for which the wheat was sold, the deposit would have remained a trust fund for the benefit of the lienholder. *Myers v. Board of Education*, 51 Kan. 87, 32 Pac. 658, is the authority for that holding. In that case money belonging to a school district was deposited by the treasurer of the district without authority in a bank owned by him and this money was mingled with funds belonging to the bank. Later this treasurer made an assignment for the benefit of creditors. This court held the school district money was a trust fund held for the benefit of the school district and the school district had preferred rights to the assets over the general creditors to the extent of the fund converted.

The argument of plaintiff that when the intervener consented that the mortgagor should sell the property and apply the proceeds on the indebtedness she abandoned her lien is not good. She did not consent that the property be freed from her mortgage or be converted. Clearly what happened was that the property was sold so that the intervener could realize on her security. The money should have been placed to the credit of the intervener in the bank, but the fact that it was not so placed does not make it any the less her money. By no process of reasoning can it be held that the unauthorized taking of credit for it on the part of the mortgagor deprived the mortgagee of her lien.

The judgment of the trial court is affirmed.